# IN THE INTERMEDIATE COURT OF APPEALS OF WEST VIRGINIA

**DAVID HENLINE and MICHELLE HENLINE,**
**Plaintiffs Below, Petitioners**

**v.) No. 25-ICA-119**     (Cir. Ct. Lewis Cnty. Case No. CC-21-2023-C-51)

**DONNA MACKENZIE,**
**Defendant Below, Respondent**

**FILED**
**December 4, 2025**

ASHLEY N. DEEM, CHIEF DEPUTY CLERK
INTERMEDIATE COURT OF APPEALS
OF WEST VIRGINIA

## MEMORANDUM DECISION

Petitioners David Henline and Michelle Henline (collectively the "Henlines") appeal the Circuit Court of Lewis County's February 24, 2025, order. In its order, the circuit court awarded judgment in favor of Respondent Donna MacKenzie and dismissed the Henlines' case. Ms. MacKenzie filed a response.[1] The Henlines did not file a reply.

This Court has jurisdiction over this appeal pursuant to West Virginia Code § 51-11-4 (2024). After considering the parties' arguments, the record on appeal, and the applicable law, this Court finds no substantial question of law and no prejudicial error. For these reasons, a memorandum decision affirming the circuit court's order is appropriate under Rule 21 of the Rules of Appellate Procedure.

This appeal involves a civil action to enforce an oral agreement between the parties. Notably, the parties do not dispute the existence of the agreement. A recitation of the salient facts is as follows.

Ms. MacKenzie owns and lives on a 2.36-acre tract of land in Lewis County; she is also the mother of Ms. Henline. Central to this case, around 2013, the parties entered into an oral agreement under which Ms. MacKenzie permitted the Henlines to establish a separate home on her property and reside there in exchange for their maintaining Ms. MacKenzie's property. It was also agreed that if the Henlines met those conditions, Ms. MacKenzie would later convey a portion of her property to them.

Thereafter, with Ms. MacKenzie's permission, the Henlines undertook efforts to install utilities in anticipation of placing a residence on the property, establish a 911 address, and construct a road to access their portion of the property. In 2018, Ms. MacKenzie placed markers on a portion of her property to designate the portion she would

---

[1] The Henlines are represented by Steven B. Nanners, Esq. Ms. MacKenzie is represented by Timothy V. Gentilozzi, Esq.

eventually convey to the Henlines under the parties' agreement. In 2021, Ms. MacKenzie installed a fence for demarcation of boundary lines between the parties' lots. Eventually, the Henlines placed a prefabricated structure upon the property with intent of using it as a residence. They subsequently built an addition onto the structure.

At some time thereafter, however, the parties' relationship deteriorated; this point is uncontroverted. According to the Henlines, after their utilities were hooked up, Ms. MacKenzie began threatening to evict them from the property. The record reflects that shortly before this case was filed in circuit court, Ms. MacKenzie filed an eviction action in magistrate court, but the matter was dismissed for lack of jurisdiction when disputes arose regarding the Henlines' claim of title under the agreement.

In response, the Henlines filed the underlying action, seeking to enforce the parties' oral agreement and compel Ms. MacKenzie's conveyance of a designated portion of her property to the Henlines. The complaint contained claims for adverse possession, detrimental reliance, unjust enrichment, and promissory estoppel. The Henlines alleged that they had expended more than $70,000 to establish their residence on the property. Ms. MacKenzie filed an answer, seeking dismissal of the complaint and an order evicting the Henlines from the property. Later, Ms. MacKenzie filed a motion for summary judgment; however, the circuit court did not rule on the motion; instead, the matter proceeded to a bench trial.

The bench trial was held on January 31, 2025, and according to the trial transcript, the parties testified and called other witnesses. To that end, the Henlines offered testimony from a local contractor who opined that it would cost them over $100,000 to relocate their structure from Ms. MacKenzie's property, as well as self-serving testimony asserting that they took due care in maintaining the property, both before and after placing their home on the property. The Henlines contended that relocation of their home was cost-prohibitive and detrimental, and that abandoning the structure would unjustly enrich Ms. MacKenzie. Conversely, Ms. MacKenzie presented evidence, which she believed established that the Henlines had failed to honor their promise under the agreement to maintain the property. Particularly, Ms. MacKenzie contended that the Henlines stopped cutting Ms. MacKenzie's grass, and had brought dozens of used vehicle tires, several salvaged vehicles, and related salvage materials onto the property from Mr. Henline's employment at a metal salvage yard. Ms. MacKenzie maintained that the Henlines' actions were devaluing her property and in contravention of the parties' agreement.

At the conclusion of the bench trial, the court took the matter under advisement. On February 24, 2025, the circuit court entered the order now on appeal. In its order, the circuit court found that the parties did not dispute the existence of the agreement or its terms. The court found that those terms included the Henlines' promise to reside on and maintain the property, and that the parties' conduct in furtherance of the agreement overcame the requirement of a writing under the statute of frauds. Based upon the evidence adduced, the

circuit court determined that the Henlines breached the agreement's maintenance provision when they filled the property with salvage-related items and stopped mowing the yard around Ms. MacKenzie's home.

As a result of their breach, the circuit court determined that the Henlines were not entitled to enforce the agreement or compel conveyance of the subject property. The court also found that the Henlines' adverse possession claim failed because the Henlines were not on the property adversely, but instead, by invitation. Ultimately, the court concluded that the Henlines had failed to prove the claims in their complaint, dismissed the action in favor of Ms. MacKenzie, and directed the Henlines to vacate the premises, including removing their structure, salvage items, and personal property within ninety days. This appeal followed.

Our standard of review for this case is as follows:

> In reviewing challenges to the findings and conclusions of the circuit court made after a bench trial, a two-pronged deferential standard of review is applied. The final order and the ultimate disposition are reviewed under an abuse of discretion standard, and the circuit court's underlying factual findings are reviewed under a clearly erroneous standard. Questions of law are subject to a *de novo* review.

Syl. Pt. 1, *Pub. Citizen, Inc. v. First Nat'l Bank in Fairmont*, 198 W. Va. 329, 480 S.E.2d 538 (1996).

In their single assignment of error, the Henlines contend that the circuit court's ruling was against the substantial evidence of record. In the Henlines' view, the circuit court ignored the evidence that the Henlines spent substantial sums of money to establish permanent residence on the property. Thus, the Henlines believe they overcame the statute of frauds and proved their equitable claims, which were not expressly discussed by the court's order. Conversely, Ms. MacKenzie asserts that the Henlines' argument ignores the circuit court's controlling finding that they breached the agreement's maintenance provision. Upon review, we are not persuaded by the Henlines' argument.

We begin by noting that the circuit court's finding of a contract is not disputed by the parties and was not in dispute below. Further, the court's ultimate determination in this case was driven by its factual determination that the Henlines breached the agreement by failing to maintain the property. Critically, they make no argument to directly challenge this finding on appeal. Instead, their argument focuses on the court's failure to address their equitable claims and offering a self-serving interpretation of the facts along with an invitation to this Court to reweigh the evidence and reach a more favorable conclusion. We decline to do so. It is soundly established that on appeal, "[a]n appellate court does not reweigh the evidence[.]" *State v. Thompson*, 220 W. Va. 246, 254, 647 S.E.2d 526, 534

3

(2007); *Coles v. Century Aluminum of W. Va.*, No. 23-ICA-81, 2023 WL 7202966, at *2 (W. Va. Ct. App. Nov. 1, 2023) (memorandum decision) (noting that an appellate court will not reweigh the evidence presented below on appeal).

Instead, our governing standard is that a circuit court's "[f]indings of fact, whether based on oral or other evidence, shall not be set aside unless clearly erroneous, and the reviewing court shall give due regard to the trial court's opportunity to judge the witnesses' credibility." W. Va. R. Civ. P. 52(a)(6) (2025);[2] *see also Phillips v. Fox*, 193 W. Va. 657, 661, 458 S.E.2d 327, 331 (1995) (citation modified) ("[A] reviewing court may not overturn a finding simply because it would have decided the case differently, and it must affirm if the circuit court's account of the evidence is plausible in light of the record viewed in its entirety."). The circuit court held a bench trial and was in the best position to weigh the evidence and apply the law to the facts to reach its determination. Based upon our review of the record, we cannot conclude that the circuit court's factual findings were clearly erroneous or that its ultimate disposition of the case was an abuse of discretion. Therefore, we affirm the circuit court's February 24, 2025, order.

Accordingly, we affirm.

Affirmed.

**ISSUED:** December 4, 2025

**CONCURRED IN BY:**

Chief Judge Charles O. Lorensen
Judge Daniel W. Greear
Judge S. Ryan White

---

[2] The circuit court's proceedings were governed by the version of Rule 52 adopted by the Supreme Court of Appeals of West Virginia, effective January 1, 2025. However, the prior version of the rule included substantially similar language. *See* W. Va. R. Civ. P. 52(a) (1998).